**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
PANDA ALLIA                    :    Civ. Action No.  07-4130(NLH)
and STEVEN ALLIA,
          Plaintiffs,          :

                v.             :    OPINION

TARGET CORPORATION,            :
CRAIG SNYDERMAN,
ARIEL ACUNA, JULES GINALDI,    :
and JOHN DOE DECISION MAKERS
(Plural 1-10) jointly,         :
severally, and in the
alternative,                   :

          Defendants.          :
```

**Appearances:**

Richard L. Press, Esquire
Press & Taglialatella, LLC
23 E. Black Horse Pike
Pleasantville, NJ 08232
     *On behalf of plaintiff*


David M. Walsh, Esquire
LeRoy John Watkins, Esquire
Jackson Lewis LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960

     *On behalf of defendants*

**HILLMAN**, District Judge

     This matter has come before the Court on defendant Target
Corporation's motion to dismiss certain counts in plaintiff's
complaint, and the individual defendants' motion to dismiss
plaintiff's complaint in its entirety.  Target has also moved to
strike plaintiff's references to privileged communications and to

obtain a protective order to prevent plaintiff from further disclosing privileged information.  Also before the Court is plaintiff's motion to amend her complaint.  For the reasons expressed below, Target's motion will be granted in part and denied in part, the individual defendants' motion will be granted, and plaintiff's motion will be denied.

## BACKGROUND

Plaintiff, Panda Allia, a Caucasian female, was a human resources executive at defendant, Target Corporation, for five years.  According to plaintiff, she was fired on January 25, 2007 in order to appease Target's African-American employees, who had filed a racial discrimination complaint with the EEOC.  Plaintiff claims that she was fired because Target claimed that she was insensitive to minorities, and because she could not identify the rap music star "Big-E-Smalls (a.k.a. Big Poppa)" on a poster.  Plaintiff also claims that she was "scapegoated" by Target and its attorneys because during the EEOC investigation she refused to spoil evidence or otherwise succumb to the pressures of Target's attorneys.

Plaintiff, along with her husband, Steven Allia, filed a twelve-count complaint against Target and three of her co-workers.  Target filed a motion to dismiss several of plaintiff's claims, and the individual defendants moved to dismiss all of her claims.  Plaintiff then moved to amend her complaint, which defendants opposed.  Over the course of the briefing with regard

to the motions to dismiss and amend, and as a result of a case management conference before Magistrate Judge Ann Marie Donio, plaintiff conceded that several of her claims should be dismissed.[1]  To reflect the claims that she agrees should be dismissed, plaintiff submitted a "cleaned up" version of her proposed amended complaint.  Her proposed amended complaint, however, still retains claims that Target and the individual defendants have moved to dismiss, and it adds claims that all defendants object to.  It also adds as new defendants the law firm and attorneys Target engaged for the EEOC investigation, as well as another Target co-worker.

Based on plaintiff's concessions and submissions, plaintiff's current and proposed claims include:

1.   Count One (current claim) - discrimination and retaliation against plaintiff based on her race and psychological disabilities in violation of New Jersey's Law Against Discrimination (NJLAD).  This claim was originally brought against Target and the individual defendants.  Plaintiff's proposed amendment makes this claim as against "all Defendants," which would include the law firm and attorneys Target engaged for the EEOC investigation.

---

[1]Plaintiff agrees that her claims for negligence, judicial estoppel, adoptive admission, and violation of the Punitive Damages Act should be dismissed.  Her "cleaned up" version also appears to agree to dismiss Steven Allia's loss of consortium claim.

2.   Count Two (current claim) - interference with plaintiff's Family Medical Leave Act (FMLA) rights, and retaliation for her exercising her FMLA rights when she went out on stress leave.  This claim was originally brought against Target and the individual defendants.  Plaintiff's proposed amendment makes this claim as against "all Defendants," which would include the law firm and attorneys Target engaged for the EEOC investigation.

3.   Count Three (current claim) - violation of the Conscientious Employee Protection Act (CEPA) for retaliating against plaintiff for her failing to conceal facts adverse to Target's interests during the EEOC investigation.  This claim was originally brought against Target and the individual defendants. Plaintiff's proposed amendment makes this claim as against "all Defendants," which would include the law firm and attorneys Target engaged for the EEOC investigation.

4.   Count Five (current claim) - defamation because Target's employee, Andrea Green, referred to plaintiff as a "psycho bitch" when she attempted to seek medical help for her psychological condition, and because defendants have painted her as unstable, psychotic and racist.  This claim was originally brought against Target and the individual defendants. Plaintiff's proposed amendment makes this claim as against "all Defendants," which would include the law firm and attorneys Target engaged for the EEOC investigation.

4

5.    Count Six (current claim) - a claim against Target based on the theory of *respondeat superior*.

6.    Count Seven (current claim) - a claim for "spoliation of evidence as regards said EEOC litigation and the admissions made therein that Plaintiff and her staff's conduct in HR was appropriate."  This claim was originally brought against Target and the individual defendants.  Plaintiff's proposed amendment makes this claim as against "all Defendants," which would include the law firm and attorneys Target engaged for the EEOC investigation.

7.    Count Twelve (current claim) - assault and battery when a store supervisor, Jujuan Robinson (an African-American female) struck plaintiff in the chest causing marks.[2]  This claim was originally brought against Target and the individual defendants. Plaintiff's proposed amendment makes this claim as against "all Defendants," which would include the law firm and attorneys Target engaged for the EEOC investigation.

8.    Count Thirteen (proposed new claim) - claim against all defendants alleging that the law firm and attorneys Target engaged for the EEOC investigation "scapegoated" her and

---

[2]In this claim, plaintiff also states that Target did nothing to investigate her complaint about this incident, and states that individual defendant Ariel Acuna improperly intimidated plaintiff from pursuing these charges against Ms. Robinson.  These allegations appear to apply to plaintiff's other claims, rather than for assault and battery.  They will be discussed below in the discussion of plaintiff's other claims.

pressured her to go along with a false investigation and to spoil evidence.  In this claim, plaintiff alleges that the law firm and attorneys aided and abetted Target in violating the NJLAD, as well as "entering into conduct designed to cover up discriminatory behavior."  She also alleges that the law firm had an ethical duty to act in an ethical fashion in representing Target employees.  She also alleges that the law firm and its attorneys interfered with plaintiff's employment, retaliated against plaintiff, and violated the Rules of Ethical Conduct.

In addition to moving to dismiss the claims that plaintiff has now agreed should be dismissed, Target has moved to dismiss plaintiff's defamation claim (Count Four), *respondeat superior* claim (Count Five), spoliation of evidence claim (Count Six), and assault and battery claim (Count Twelve).  The individual defendants have moved to dismiss all remaining claims against them.  Target and the individual defendants have also opposed the addition of plaintiffs' proposed additional count--Count Thirteen.  Plaintiff has opposed defendants' motions to dismiss, and stands by the propriety of her proposed amended complaint.

<u>**DISCUSSION**</u>

## I.  Jurisdiction

This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

6

## II.  Analysis

### A.  *Defendants' motions to dismiss*

The individual defendants have moved to dismiss all of plaintiff's current claims against them.  Target has moved to dismiss Counts Four, Six, Seven and Twelve.  Each motion will be addressed in turn.

### 1.  Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v.

7

Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).   The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents

attached thereto as exhibits, and matters of judicial notice.
Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group
Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider,
however, "an undisputedly authentic document that a defendant
attaches as an exhibit to a motion to dismiss if the plaintiff's
claims are based on the document."  Pension Benefit Guar. Corp.
v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.
1993).  If any other matters outside the pleadings are presented
to the court, and the court does not exclude those matters, a
Rule 12(b)(6) motion will be treated as a summary judgment motion
pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

### 2.   Individual defendants' motion to dismiss

Plaintiff has asserted claims against her co-workers Craig
Snyderman, whom plaintiff identifies in the caption as "group
manager human resources," Ariel Acuna, whom plaintiff identifies
in the caption as "group manager," and Jules Ginaldi, whom
plaintiff mis-names as "Ginardi" and identifies in the caption as
"district manager."  These defendants have moved to dismiss all
the claims against them because plaintiff has failed to make any
allegations specific to them, and because they cannot otherwise
be held liable for her claims.

The individual defendants' arguments are persuasive.  As a
primary matter, in neither the two-plus page introduction, nor
the specific counts, does plaintiff specifically identify the

alleged conduct of Snyderman, Acuna, or Ginaldi that would constitute a basis for any of plaintiff's claims.  Plaintiff either pleads that "all defendants" committed the acts complained of by plaintiff, or she specifies what Target or its law firm did to injure plaintiff.  No where does plaintiff explain how Snyderman, Acuna, or Ginaldi violated her NJLAD, FMLA and CEPA rights, how they defamed her, how their conduct gives rise to her spoliation claim, or how they are liable for a non-defendant co-worker's alleged assault and battery of plaintiff.[3]  Plaintiff's complaint must give defendants fair notice of what her claims are and the grounds upon which they rest so that they may properly defend themselves.  Plaintiff has failed to do so.  Consequently, the currently-pending claims against the individual defendants must be dismissed.

Even if plaintiff amended her complaint to include specific allegations against the individual defendants, her claims would still fail as a matter of law.  With regard to her NJLAD claims, a fellow employee may only be liable if he is in a supervisory capacity and if he "aids or abets" the employer in committing acts forbidden by the law.  Hurley v. Atlantic City Police Dept.,

---

[3]The only individual defendant mentioned by name in plaintiff's complaint is Ariel Acuna in plaintiff's assault and battery claim, Count Twelve.  As noted above and discussed herein, plaintiff's claim that Acuna intimidated plaintiff into not filing a complaint about this assault fails to state a cognizable claim.

174 F.3d 95, 126 (3d Cir. 1999); Tarr v. Ciasulli, 853 A.2d 921,
927-28 (N.J. 2004).  Here, it is not only unclear whether each
individual defendant was in a supervisory capacity to plaintiff,
she has not made any allegations that any of the individual
defendants aided or abetted Target into violating her NJLAD
rights.

Plaintiff's FMLA claim is similarly unavailing.  "[O]nly
individuals who 'exercise control' over the employee's FMLA leave
can be held liable for an employer's FMLA violations."  Devine v.
Prudential Ins. Co. Of America, 2007 WL 1875530, *33  (D.N.J.
June 28, 2007) (citing Kilvitis v. County of Luzerne, 52 F. Supp.
2d 403, 412-413 (M.D. Pa. 1999); Hewett v. Willingboro Board of
Education, 421 F. Supp. 2d 814, 817-818, n.4 (D.N.J. 2006)).
Plaintiff has not alleged that any of the individual defendants
exercised control over her FMLA leave.

With regard to plaintiff's Conscientious Employee Protection
Act (CEPA) claim against the individual defendants, plaintiff has
failed to allege any of the elements necessary to support such a
claim.  A plaintiff who brings a CEPA claim must demonstrate
that: (1) she reasonably believed that her employer's conduct was
violating either a law, rule, or regulation promulgated pursuant
to law, or a clear mandate of public policy; (2) she performed a
"whistle-blowing" activity described in N.J.S.A. 34:19-3c; (3) an
adverse employment action was taken against her; and (4) a causal

11

connection exists between the whistle-blowing activity and the adverse employment action.  Dzwonar v. McDevitt, 828 A.2d 893, 900 (N.J. 2003).  Plaintiff has not alleged how the conduct of any of the individual defendants gives rise to a CEPA claim.

Plaintiff's defamation claim also fails.  "In the case of a complaint charging defamation, plaintiff must plead facts sufficient to identify the defamatory words, their utterer and the fact of their publication.  A vague conclusory allegation is not enough."  Zoneraich v. Overlook Hosp., 514 A.2d 53, 63 (N.J. Super. Ct. Appl Div. 1986), cert. denied, 526 A.2d 126 (N.J. 1986); see also Darakjian v. Hanna, 840 A.2d 959, 966 (N.J. Super. Ct. App. Div. 2004) (stating that a plaintiff can "bolster a defamation cause of action through discovery, but not file a conclusory complaint to find out if one exists" (citation omitted)).  Plaintiff has not identified what words the individual defendants uttered that would support a claim of defamation.

Plaintiff's spoliation of evidence claim must also be dismissed because New Jersey does not recognize spoliation of evidence as an intentional tort.  Rosenblit v. Zimmerman, 766 A.2d 749, 757 (N.J. 2001) (stating that spoliation of evidence is not recognized as intentional tort, but that the tort of fraudulent concealment is the remedy for spoliation).

Finally, plaintiff's claim that the individual defendants are liable for the assault and battery committed by plaintiff's non-defendant co-worker must be dismissed.[4]  Plaintiff has not articulated how the individual defendants were involved in the alleged altercation.

In sum, all current claims pleaded by plaintiff against the individual defendants must be dismissed because she has failed to articulate any specific conduct by the individual defendants, and because her claims otherwise fail as a matter of law.

### 2.   Target's motion to dismiss

Target has moved to dismiss plaintiff's defamation, *respondeat superior*, spoliation of evidence, and assault and battery claims.  Target's motion will be granted except for plaintiff's assault and battery claims.

With regard to plaintiff's defamation claim, in order to bring a successful defamation claim, plaintiff must satisfy the following elements: "(1) that the defendant made a defamatory statement of fact; (2) concerning the plaintiff; (3) which was false; (4) which was communicated to persons other than the

---

[4]In her opposition to the individual defendants' motion to dismiss, plaintiff requests that she be permitted to amend her complaint to include as a defendant the alleged perpetrator of this assault and battery.  Plaintiff appears to do this in her "cleaned up" version of her proposed amended complaint, but not in the proposed amended complaint attached to her motion for leave to amend.  As discussed below, plaintiff has not complied with Fed. R. Civ. P. 15(a)(2) in order for the addition of this new defendant to be considered.

plaintiff; and (5) fault." Taj Mahal Travel, Inc. v. Delta
Airlines Inc., 164 F.3d 186, 189 (3d Cir. 1998).  A defamatory
statement is one that is false and injurious to someone's
reputation.  Id.  Further, an essential element of a defamation
claim is that there must be a communication to a third person
because "the law of defamation seeks to secure reputation."
Gnapinski v. Goldyn, 128 A.2d 697, 702 (N.J. 1957).  It follows
that it must appear that the third person understood the
communication to relate to plaintiff.  Id.; see also Printing
Mart-Morristown v. Sharp Electronics Corp., 563 A.2d 31, 46 (N.J.
1989).  Additionally, as stated above, "In the case of a
complaint charging defamation, plaintiff must plead facts
sufficient to identify the defamatory words, their utterer and
the fact of their publication.  A vague conclusory allegation is
not enough."  Zoneraich v. Overlook Hosp., 514 A.2d 53, 63 (N.J.
Super. Ct. Appl Div. 1986), cert. denied, 526 A.2d 126 (N.J.
1986).

     Here, plaintiff claims that her co-worker, Andrea Green,
called plaintiff a "psycho bitch" when she attempted to seek
medical assistance with her psychological condition.  Plaintiff
also alleges that Target defamed her by painting her out to be
"unstable, psychotic, and racist."  These claims are insufficient
to state a defamation claim.

First, although an employer may be liable for its employee's conduct, such as an allegation of defamation, see <u>Schiavone Const. Co. v. Time, Inc.</u>, 847 F.2d 1069, 1089 (3d Cir. 1988), plaintiff has failed to state a claim for the statement of Andrea Green.  Taking as true that Ms. Green called plaintiff a "psycho bitch," plaintiff has failed to allege that Ms. Green communicated her comment to a third party.  The fact that a co-worker calls her colleague a nasty name in private does not rise to the level of defamation for which the employer is responsible.

Second, plaintiff's allegation that Target painted her out to be "unstable, psychotic, and racist," fails to state a defamation claim against Target because (1) Target, as a corporate entity, cannot "speak," and (2) her allegations are too vague.  Plaintiff fails to identify who called her "unstable, psychotic, and racist," and she fails to state when and to whom these statements were made.  These general allegations of defamation are insufficient survive Target's motion to dismiss.

With regard to plaintiff's claim for *respondeat superior*, that claim fails because there is no separate cause of action for *respondeat superior*.  The *respondeat superior* doctrine "recognizes a vicarious liability principle pursuant to which a master will be held liable in certain cases for the wrongful acts of his servants or employees." <u>Carter v. Reynolds</u>, 815 A.2d 460, 463 (N.J. 2003).  Plaintiff does not need to plead *respondeat*

*superior* as a separate cause of action, however, because she has already availed herself of this doctrine.  By contending that Target employees have committed various acts against her, and by bringing these claims against both the employees and Target, plaintiff has asserted claims based on *respondeat superior.* Consequently, a separate cause of action for *respondeat superior* is simply redundant, and must be dismissed.  See Calkins v. Dollarland, Inc., 117 F. Supp. 2d 421, 434 (D.N.J. 2000) (dismissing the plaintiff's separate *respondeat superior* claim as redundant to her hostile-environment harassment claim because that claim was grounded in a theory of vicarious liability); Russo v. Ryerson, 2006 WL 477006, *28 n.24 (D.N.J. Feb. 28, 2006) (stating that *respondeat superior* is a basis for liability under Title VII and the NJLAD, not a separate cause of action).

Next, plaintiff's spoliation of evidence claim against Target fails for the same reason it fails against the individual defendants--New Jersey does not recognize spoliation of evidence as an intentional tort.  See Rosenblit v. Zimmerman, 766 A.2d 749, 757 (N.J. 2001).

Conversely, plaintiff's current claim against Target for assault and battery may stand.  To establish an employer's liability for the acts of his employee, a plaintiff must prove (1) that an employer-employee relationship existed and (2) that the tortious act of the employee occurred within the scope of

16

that employment.  Carter v. Reynolds, 815 A.2d 460, 463 (N.J.
2003); Printing Mart-Morristown v. Sharp Elecs. Corp., 563 A.2d
31, 47-48 (N.J. 1989) (generally, an employer is liable for
intentional torts committed by its employees within the scope of
their employment).  Plaintiff claims that her fellow Target
employee, Jujuan Robinson, struck her at work.  This is
sufficient to state a claim against Target for assault and
battery.[5]

Based on the foregoing, plaintiff's defamation, *respondeat
superior*, and spoliation of evidence claims must be dismissed.
Plaintiff's assault and battery claim survives Target's motion.[6]

---

[5]Target argues that because the assault and battery claim
against the individual defendants was dismissed, that claim must
also be dismissed against Target.  This argument is unavailing.
The assault and battery claim against the individual defendants
was dismissed because plaintiff failed to allege any culpable
conduct by the individual defendants.  Plaintiff, however, has
alleged that another Target employee struck her.  Even though the
perpetrator is not named as a defendant, Target cites to no case
that holds that the employee must be named as a defendant in
order for a claim based on vicarious liability to stand against
the employer.

[6]Target has also moved to dismiss content in plaintiff's
complaint that violates the attorney client privilege.  As
discussed below with regard to plaintiff's motion to amend,
because plaintiff's "cleaned up" version removes most of the
violative content, it appears that plaintiff has conceded that it
should be stricken from plaintiff's original pleading.  As
further discussed below, because the plaintiff will be directed
to submit a revised amended complaint consistent with this
Opinion, the violative content will no longer be part of the
case, as the amended complaint supercedes the original version in
providing the blueprint for the future course of a lawsuit.  See
Snyder v. Pascack Valley Hospital,303 F.3d 271, 276 (3d Cir.
2002).

17

B.    **Plaintiff's Motion to Amend**

As discussed above, after defendants filed their motions to dismiss, plaintiff filed a motion for leave to amend her complaint.  Her proposed amended complaint added as defendants the law firm and attorneys Target hired to handle the EEOC complaint, as well as asserted an additional count against these new defendants, Target, and the individual defendants for various conduct.  Plaintiff's proposed amended complaint retained, however, claims that plaintiff, in her opposition to defendants' motions to dismiss, had agreed should be dismissed.

Recognizing this problem, plaintiff recently filed an informal, "cleaned up" version of her proposed amended complaint. Even though plaintiff represented that the "cleaned up" version was simple housekeeping, the "cleaned up" version adds a new defendant, Jujuan Robinson, and adds allegations to her claim against the law firm and attorneys Target hired to handle the EEOC complaint.

In order to resolve this procedural quagmire, the Court will first address plaintiff's motion to amend and defendants' opposition to her motion, and then address plaintiff's informal submission to the Court.

As a primary matter, to the extent that plaintiff's proposed amended complaint retains the claims that she has agreed should be dismissed, plaintiff's motion is denied.  Further, any claims

18

that have been dismissed by the Court's analysis of defendants'
motions to dismiss, plaintiff's motion is similarly denied.
Thus, the only amendments that need to be discussed are the
addition of the law firm and its attorneys and the new claims
against them, Target and the individual defendants.

Plaintiff's proposed new claim against all defendants
alleges that the law firm Target engaged for the EEOC
investigation, Halleland Lewis Nilan & Johnson, and its
attorneys, Donald M. Lewis, Esquire and John Doe attorneys,
"scapegoated" her and pressured her to go along with a false
investigation and to spoil evidence.  Plaintiff alleges that the
law firm and attorneys aided and abetted Target in violating the
NJLAD, as well as "enter[ed] into conduct designed to cover up
discriminatory behavior."  She also alleges that the law firm had
an ethical duty to act in an ethical fashion in representing
Target employees.  She also alleges that the law firm and its
attorneys interfered with plaintiff's employment, retaliated
against plaintiff, and violated the Rules of Ethical Conduct.
Finally, plaintiff alleges, "As a result of the negligence,
carelessness, recklessness, intentional misconduct, legal
malpractice, ethical infractions, interference with prospective
economic advantage, spoliation of evidence, plaintiff was caused
to suffer loss of employment of her position and was otherwise
damaged under the New Jersey Law Against Discrimination, the

Conscientious Employee Protection Act and the New Jersey Rules of Professional Conduct by attorneys practicing within the State as well as interference with her employment."  (Proposed Amended Compl., Count Thirteen ¶ 6.)

This new count contains a smorgasbord of claims and legal theories of liability.  The crux of plaintiff's count, however, appears to concern the conduct of the law firm and its attorneys during their representation of Target during the EEOC investigation of the complaint made against Target by its African-American employees.  This claim is completely barred, however, by the litigation privilege.  The litigation privilege grants an absolute privilege to statements or communications made by attorneys in the course of judicial and quasi-judicial proceedings.  Component Hardware Group, Inc. v. Trine Rolled Moulding Corp., 2007 WL 2177667, *5 (D.N.J. 2007) (citing Baglini v. Lauletta, 768 A.2d 825, 833 (N.J. Super. Ct. App. Div. 2001)); see also Loigman v. Township Committee of the Township of Middletown, 889 A.2d 426, 438 (N.J. 2006) (stating that the litigation privilege has extraordinary scope because "[l]awyers necessarily exercise a wide degree of discretion in performing their duties in the course of judicial proceedings, and must be free to pursue the best course charted for their clients without the distraction of a vindictive lawsuit looming on the horizon[;] [t]he litigation privilege must have sufficient breadth to

advance the best interests of the administration of justice").
This privilege is "granted to good and bad alike," and it
"promotes the unfettered expression that is critical to the
administration of justice; [s]uch freedom would be defeated if
participants in the process feared later tort liability."
Hawkins v. Harris, 661 A.2d 284, 289 (N.J. 1995); see also
Loigman, 889 A.2d at 438 ("To ensure that the many honest and
competent lawyers can perform their professional duties while
furthering the administration of justice, the litigation
privilege may protect the few unethical and negligent attorneys
from a merited civil judgment and damages award. That trade-off
is the necessary price that must be paid for the proper
functioning of our judicial system, a system that requires
attorneys to vigorously and fearlessly represent their clients'
interests.").

    In order for statements to fall under the litigation
privilege, they must: "(1) be made in judicial or quasi-judicial
proceedings; (2) be made by litigants or other participants
authorized by law; (3) be made to achieve the objects of the
litigation; and (4) have some connection or logical relation to
the action." Id. The privilege is not limited to statements
made at trial--it extends to all statements or communications in
connection with the judicial proceeding. Id. The privilege
covers statements made during settlement negotiations, and the
privilege also protects a person while engaged in a private

conference with an attorney regarding litigation, and
"preliminary conversations and interviews between a prospective
witness and an attorney if they are in some way related to or
connected with a pending or contemplated action." Id. (citations
omitted). "Such application of the privilege affords litigants
and witnesses the utmost freedom of access to the courts without
fear of being harassed subsequently by derivative tort actions."
Id. (citation and quotations omitted).

Here, all the law firm and its attorneys' alleged statements
complained of by plaintiff were made during the course of
defending Target in the EEOC investigation.  Even taking as true
plaintiff's claims that the law firm and its attorneys (1)
"repeatedly coached" plaintiff "not to divulge certain
information to the EEOC in an effort to spoil evidence," (2)
"specifically told her not to disclose an incident in which" a
former Target employee alleged discrimination," (3) did not want
to "get into" a settlement with a former Target employee, (4)
applied "a great deal of pressure" to plaintiff "to have her
change her documents or spoil evidence," and (5) pressured her
"into joining a group defense," plaintiff specifically pleads
that the law firm and its attorneys conducted themselves in this
matter during "judicial or quasi-judicial proceedings" and "to
achieve the objects of the litigation."[7]  To allow defendants to

---

[7]Nothing in this Opinion should be construed as precluding a
witness who believes that an attorney has behaved unethically

be liable for communications made within the course of their representation of their client in a judicial proceeding would defeat the "unfettered expression" that is critical to the administration of justice.

Leave to amend a complaint "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, an amendment should not be permitted when it would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Allowing plaintiff to amend her complaint to add a count against all defendants for the conduct of the law firm and attorneys Target hired for the EEOC investigation would be futile because that claim is barred by the litigation privilege. Consequently, plaintiff's motion to amend with regard to Count Thirteen and the addition of Halleland Lewis Nilan & Johnson, and its attorneys, Donald M. Lewis, Esquire and John Doe attorneys, as defendants must be denied.[8]

_____

from raising that issue in the underlying litigation or with the appropriate disciplinary board. See, e.g., Loigman v. Township Committee of the Township of Middletown, 889 A.2d 426, 438 (N.J. 2006) (explaining that the litigation privilege "does not immunize an attorney from disciplinary sanctions under the New Jersey Rules of Professional Conduct"). Moreover, the decision to apply the litigation privilege to bar plaintiff's claims against the law firm and its attorneys does not in any way condone the attorneys' conduct if in fact they engaged in the alleged conduct.

[8]Plaintiff's proposed amended complaint also seeks to assert all of her other counts against the law firm and attorneys as well. Because the allegations of the attorneys' conduct occurred

Turning to the informal, "cleaned up" version of the amended
complaint plaintiff submitted to the Court while her motion to
amend was pending, it appears that the "cleaned up" version adds
an additional defendant, Jujuan Robinson, not included in her
proposed amended complaint attached to her formal motion for
leave to amend.  The "cleaned up" version also appears to include
a claim for legal malpractice against Halleland Lewis Nilan &
Johnson, and its attorneys, Donald M. Lewis, Esquire and John Doe
attorneys.  By doing this, plaintiff has in effect submitted a
proposed second amended complaint.  This filing is improper,
however, because in order for the second amended complaint to
supercede her original and first amended complaints, it must be
submitted via a formal motion pursuant to Federal Civil Procedure
Rule 15(a)(2), which provides that once a defendant files an
answer, a plaintiff "may amend its pleading only with the
opposing party's written consent or the court's leave."  Target
has filed its answer to the counts in the original complaint it
did not seek to dismiss, and it has not given its consent to
either the first or the second proposed amended complaints.
Thus, in order for Jujuan Robinson and the legal malpractice
claim to be added to plaintiff's complaint, she must seek formal

---

as part of their representation of Target in the EEOC
investigation, those claims are similarly barred by the
litigation privilege.

leave of the Court.  Accordingly, plaintiff's current informal submission will not be considered.[9]

## CONCLUSION

Based on the foregoing, the only claims pending are plaintiff's claims against Target for violations of the NJLAD, FMLA, and CEPA, as well as plaintiff's assault and battery claim. All other claims and defendants are dismissed.  Plaintiff is directed to submit to the Court for review a revised proposed first amended complaint that reflects only these claims and this defendant.  For any additional claims plaintiff wishes to assert or for any other defendants that plaintiff wishes to bring into the litigation, plaintiff must comply with Federal Civil Procedure Rule 15(a)(2).  An appropriate Order will issue.


Dated: April 10, 2008                s/ Noel L. Hillman

At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

[9]Defendants have filed a responsive letter to plaintiff's letter and "cleaned up" second amended complaint.  In their response, defendants argue that not only should the Court not consider plaintiff's informal submission, but that the malpractice claim is not viable.  If plaintiff chooses to file another motion for leave to amend her complaint, defendants' may raise those arguments in their opposition.